Rafil Amanouel **JACOB;** Veera Aslaan **Jacob;** et al., **Petitioners,**

v.

Eric H. **HOLDER, Jr.,** Attorney General, **Respondent.**

No. 05–73047.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

___

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Zachary McCready, Esquire, Law Offices of Thomas K. McKnight, Santa Ana, CA, for Petitioners.

District Director, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Patricia Ann Smith, Senior Litigation Counsel, Marion Guyton, Esquire, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Rafil Amanouel Jacob, his wife Veera Aslaan Jacob, and their two children, natives and citizens of Iraq, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lopez v. Ashcroft*, 366 F.3d 799, 802 (9th Cir.2004), we grant the petition for review, and remand.

In the amended notice to appear, the government alleged that the Jacobs were

admitted to the United States on March 31, 2002, and the Jacobs admitted this allegation. The agency's credibility findings with respect to the circumstances of the Jacobs' entry and subsequent travel within the United States do not disturb the judicially admitted date of entry. *See Hakopian v. Mukasey*, 551 F.3d 843, 846–47 (9th Cir.2008). Therefore, we conclude the Jacobs' entry date was undisputed and that they established their asylum application was timely. *See id.* at 847 (where government alleges entry date and petitioner admits government's allegation, entry date is undisputed).

Substantial evidence does not support the agency's adverse credibility determination. Any inconsistencies regarding the circumstances surrounding the Jacobs' manner of entry and their subsequent travel within the United States are incidental to their claim of persecution. *See Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir.1999). Further, the BIA previously rejected the IJ's finding that the Jacobs had not credibly established their identity. Accordingly, the Jacobs' testimony must be deemed credible. *See Mousa v. Mukasey*, 530 F.3d 1025, 1029 (9th Cir.2008).

The BIA alternatively concluded that the Jacobs, Chaldean Christians, failed to establish eligibility for asylum or withholding of removal based on changed country conditions in Iraq. Our case law requires that the agency provide an "individualized analysis of how changed conditions will affect the specific petitioner's situation," *Lopez*, 366 F.3d at 805 (internal quotation marks and citation omitted), and "[i]nformation about general changes in the country is not sufficient," *Rios v. Ashcroft*, 287 F.3d 895, 901 (9th Cir.2002) (in-

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

ternal quotation marks and citation omitted). In this case, the government did not submit evidence that specifically discussed the effects of the American invasion on the persecution of Chaldean Christians, and the record did not provide the agency with evidence indicating that any changes in Iraq would eliminate the Jacobs' fear of future persecution as Chaldean Christians. *See Hanna v. Keisler,* 506 F.3d 933, 938–40 (9th Cir.2007); *see also Mousa,* 530 F.3d at 1030. Therefore, substantial evidence does not support the BIA's finding that changed circumstances rebutted the presumption of a well-founded fear of future persecution, *see Hanna,* 506 F.3d at 938–40, or the BIA's denial of withholding of removal, *see Baballah v. Ashcroft,* 367 F.3d 1067, 1079 (9th Cir.2004) (establishing past persecution raises a presumption of eligibility for withholding of removal); *see also Hanna,* 506 F.3d at 940.

▪ Substantial evidence also does not support the BIA's denial of CAT protection, because it failed to consider all of the relevant evidence in assessing whether it is more likely than not the Jacobs, as Chaldean Christians, will be tortured if removed to Iraq. *See Kamalthas v. INS,* 251 F.3d 1279, 1282–84 (9th Cir.2001); *see also* 8 C.F.R. § 1208.16(c)(3) ("In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered.").

Accordingly, we grant the petition for review as to the Jacobs' asylum and withholding claims, and remand for the BIA to determine whether they have established past persecution and whether they have a well-founded fear of future persecution. *See Hanna,* 506 F.3d at 938–40; *see also INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). We also grant the petition for review as to the Jacobs' CAT claim, and remand to the BIA to consider whether, in light of the country conditions for Chaldean Christians, they are eligible for CAT protection.

**PETITION FOR REVIEW GRANTED; REMANDED.**