MEMORANDUM *
Deljeet Singh Goraya, a native and citizen of India, seeks review of the Board of Immigration Appeals (“BIA”) decision adopting and affirming the Immigration Judge’s (“IJ”) denial of his application for asylum and request for withholding of removal and protection under the Convention Against Torture (“CAT”). This court has jurisdiction over final orders of removal under 8 U.S.C. § 1252(a)(1). We review questions of law de novo, Hernandez-Gil v. Gonzales, 476 F.3d 803, 804 n. 1 (9th Cir.2007), and factual findings for substantial evidence, Mohammed v. Gonzales, 400 F.3d 785, 791 (9th Cir.2005). “[W]e will not defer to BIA decisions that conflict with circuit precedent.” Melkonian v. Ashcroft, 320 F.3d 1061, 1065 (9th Cir. 2003). We grant Goraya’s petition for review.
The IJ declared that “the Court has no idea when respondent last entered the United States,” and therefore denied Gora-ya’s asylum application as untimely because he had failed to prove by clear and convincing evidence that he had filed an application within one year of entry. The IJ further determined that Goraya was not *248 credible, citing “substantial and material areas of his testimony which were vague and lacking in detail,” and “inconsistencies going to the heart of’ Goraya’s claim. The BIA adopted only these two rulings, finding it unnecessary to reach the IJ’s alternative ruling on the merits. See Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994).
I.
As an initial matter, we hold that the IJ erred in pretermitting Goraya’s asylum claim. This court has jurisdiction over questions of law with respect to the timeliness of asylum applications. Ramadan v. Gonzales, 479 F.3d 646, 648 (9th Cir.2007). The IJ applied an erroneous legal standard in requiring Goraya to prove his date and manner of entry, which was alleged in the Notice to Appear and so was an undisputed fact not subject to the evidentiary requirements of 8 U.S.C. § 1158(a)(2)(B). See Hakopian v. Mukasey, 551 F.3d 843 (9th Cir.2008). Contrary to the government’s assertion that Goraya waived this claim, he requested remand on the timeliness issue and specifically argued that there was no factual dispute about his entry date. As it was error under Hako-pian to pretermit Goraya’s asylum claim for failure to prove his amval date, we grant the petition with respect to the BIA’s ruling on the timeliness of Goraya’s petition for asylum.
II.
We review the IJ’s adverse credibility determination for substantial evidence. Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006). The IJ must have a “legitimate articulable basis” to question an asylum seeker’s testimony and provide “a specific, cogent reason” for doubting its veracity. Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002) (internal citations and quotations omitted). Here, the IJ did not substantiate his adverse credibility ruling in accordance with our caselaw.
The IJ’s conclusion that Goraya’s testimony regarding his arrests, and his cousin’s political activities and encounter with the police, were “vague and lacking in material detail” is not supported by substantial evidence. Goraya provided ample detail about his own arrest and custodial abuse, including the police station where he was detained and the fact that he was beaten with a baton and belts on his legs and arms. The declaration Goraya submitted with his application for asylum contained a fairly detailed description of his cousin’s political activity, arrest and death in police custody. Because neither the IJ nor counsel asked for more information regarding his own arrest or his cousin’s, the finding that his testimony lacked detail was unsupported. See Zahedi v. INS, 222 F.3d 1157, 1167 (9th Cir.2000).
The IJ also found that Goraya’s testimony that he has had very little contact with his father since their joint arrest conflicted with his testimony that his father arranged for his release from jail and his departure to Dubai and subsequently to the United States. But the IJ did not identify, or instruct Goraya to clarify, this supposed inconsistency during the hearing. The law of our circuit requires that the petitioner be given an opportunity to explain any perceived inconsistencies, see Quan v. Gonzales, 428 F.3d 883, 886 (9th Cir.2005), and the IJ must consider and address the petitioner’s explanation for the discrepancy, Kaur v. Ashcroft, 379 F.3d 876, 887 (9th Cir.2004). Where, as here, the IJ has based an adverse credibility determination on purportedly material inconsistencies without first giving the petitioner an opportunity to explain, we must reverse. Chen v. Ashcroft, 362 F.3d 611, *249 618 (9th Cir.2004). As neither the government nor the IJ identified the alleged discrepancy with respect to Goraya’s father during the hearing, the IJ erred in relying on it to reach an adverse credibility determination.
Nonetheless, we would affirm the BIA’s decision if the adverse credibility finding also rested on other grounds that were supported by substantial evidence. “So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Goraya’s] claim of persecution, we are bound to accept the IJ’s adverse credibility finding.” Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003); Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004). In this case, however, while the IJ articulated concerns about Goraya’s identity documents, these concerns were not the basis for the adverse credibility finding. Our review of adverse credibility determinations “focuses only on the actual reasons relied upon by the IJ.” Marcos v. Gonzales, 410 F.3d 1112, 1116 (9th Cir. 2005).
“Applying the deemed credible rule” in a case such as this “when the IJ and BIA did not allow [Goraya] the opportunity to explain inconsistencies going to the heart of his claim would grant excessive deference to [Goraya’s] future and now unknown explanations of the perceived inconsistencies.” Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir.2009). Moreover, this appears to be a situation in which “there may be other grounds for rejecting credibility.” Id.
Accordingly, we grant the petition and remand “on an open record to give the agency the opportunity to evaluate [Gora-ya’s] credibility while allowing him to explain [any] as-yet-unexplained inconsistencies” in his testimony. Id. at 1096. As the BIA has not evaluated Goraya’s eligibility for asylum, withholding of removal, or relief under CAT independently from its time-bar and adverse credibility findings, “we also give the agency an opportunity to make those determinations in the first instance.” Id.
PETITION FOR REVIEW GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.