# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARGARET HAKOPIAN,
                        *Petitioner,*

                v.

MICHAEL B. MUKASEY, Attorney
General,
                        *Respondent.*

No. 05-72532

Agency No.
A095-585-979

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
September 8, 2008—San Francisco, California

Filed November 19, 2008
Amended December 10, 2008

Before: Ronald M. Gould and Carlos T. Bea, Circuit Judges,
and John W. Sedwick,* District Judge.

Opinion by Judge Bea

---

*The Honorable John W. Sedwick, Chief Judge, United States District
Court for the District of Alaska, sitting by designation.

16173

## COUNSEL

Jennifer Alesio, Student Counsel, Evangeline G. Abriel Legal Analysis, Research, and Writing, Santa Clara University School of Law, for the petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, for the respondent.

## ORDER

The opinion filed November 19, 2008, slip op. 15543, is hereby amended as follows:

slip op. at 15548     Replace footnote 4 with the following text:

Although 8 U.S.C. § 1158(a)(2)(B) provides that an alien must "demonstrate[ ] by clear and convincing evidence that the [asylum] application has been filed within 1 year after the date of the alien's arrival in the United States," Hakopian could not have established her entry date by

clear and convincing evidence. Only relevant evidence, with "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable," is admissible. Fed. R. Evid. 401, 402. While evidence can be introduced to prove a fact—usually relating to background information—that is not disputed and not conceded where such evidence would aid the trier-of-fact's understanding, *see* Fed. R. Evid. 401 notes of advisory committee, in this case the government conceded Hakopian's date of entry. Because Hakopian's entry date was admitted and undisputed, no evidence would tend to make its existence more or less probable. Therefore, we hold the statute's requirement of "clear and convincing evidence" does not apply where the alien's date of entry is conceded. In other words, an alien has proved by clear and convincing evidence that she timely filed her application if the government so concedes.

## OPINION

BEA, Circuit Judge:

Margaret Hakopian petitions for review of a Board of Immigration Appeals ("BIA") order adopting and affirming an Immigration Judge's ("IJ") decision denying her claims for asylum, withholding of removal, and relief under the Conven-

tion Against Torture ("CAT"). We hold the IJ erred by finding Hakopian failed to establish by clear and convincing evidence that she timely filed her asylum application. We deny her petition for review, however, for the reasons set forth in the memorandum disposition filed with this opinion.[1]

**Background**

Hakopian is a native and citizen of Iran. After entering the United States without inspection, Hakopian filed an application for asylum and withholding of removal on July 12, 2002. On September 6, 2002, the Immigration and Naturalization Service ("Service") served Hakopian with a Notice to Appear, charging Hakopian with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1182(a)(6)(A)(i). The Notice to Appear alleged that Hakopian entered the United States at or near San Ysidro, California, on or about April 29, 2002. The Service's Notice to Appear also informed Hakopian she would be given an opportunity to admit or deny the allegations in the Notice to Appear. At a hearing before an IJ on November 13, 2003, Hakopian admitted she entered the United States on the same date alleged in the Notice to Appear: April 29, 2002.

After a hearing on the merits of Hakopian's claims for asylum, withholding of removal, and CAT relief,[2] the IJ issued an oral decision. He found that Hakopian "has no documents to establish the date, time, and manner of her entry, only her own testimony." Therefore, the IJ concluded that Hakopian's asylum application was time-barred because Hakopian failed to establish by clear and convincing evidence that she filed the application within one year of entry into the United States.

---

[1]We found the IJ's determination, based on an adverse credibility finding, was supported by substantial evidence.

[2]Hakopian requested protection under CAT, in addition to asylum and withholding of removal, at her hearing.

The IJ also denied Hakopian's claims for asylum, withholding of removal, and relief under CAT on the merits.

Hakopian timely appealed the IJ's decision to the BIA, which adopted and affirmed the decision in a per curiam order, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). Hakopian then filed a timely petition for review in this court.

**Standard of Review**

Where the BIA cites *Matter of Burbano* and does not express any disagreement with the IJ's decision, we review the IJ's decision as if it were the BIA's. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc).

An applicant for asylum must demonstrate by "clear and convincing evidence" that she filed her asylum application within one year of entering the United States. 8 U.S.C. § 1158(a)(2)(B). The INA provides, *inter alia*, that "[n]o court shall have jurisdiction to review a[ ] determination of the Attorney General" whether an applicant for asylum has met his burden of demonstrating the timeliness of his application. *See* 8 U.S.C. § 1158(a)(3).

The REAL ID Act, however, requires that no provision of the INA that "limits or eliminates judicial review[ ] shall be construed as precluding review of . . . questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). A question of law includes the "application of law to undisputed facts." *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007).

**Analysis**

**[1]** In this case, the determination of the timeliness of Hakopian's application for asylum raises a question of law which we have jurisdiction to review pursuant to 8 U.S.C.

§ 1252(a)(2)(D). Hakopian contends the IJ erred by finding her asylum application time-barred.[3] We agree.

[2] The government alleged Hakopian's arrival date in its Notice to Appear, and Hakopian admitted the government's allegation at her hearing before the IJ. Allegations in a complaint are considered judicial admissions. *See Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988). In immigration proceedings, the Notice to Appear serves the same function as a civil complaint. Therefore, both the government and Hakopian agreed upon her date of entry, thus rendering this fact undisputed.

Moreover, at no point—either before or during Hakopian's hearing—did the government move to amend its Notice to Appear with respect to, or otherwise contest, Hakopian's stated date of entry. Therefore, Hakopian could scarce be expected to produce additional documentary evidence of her arrival date, as the IJ required in his oral decision. Had the government ever withdrawn its allegation of or challenged Hakopian's claimed entry date, a different case might obtain.

[3] We hold the IJ erred by failing to recognize that the government's allegation that Hakopian entered the United States on April 29, 2002, and Hakopian's subsequent responsive admission of the government's allegation constituted a judicial admission of the April 29, 2002, date of entry for the purposes of this proceeding. Therefore, Hakopian's entry date

---

[3]Hakopian did not raise this contention in her opening brief to this court. On April 18, 2008, we granted Hakopian's motion to file a supplemental brief, in which she raised this claim. Our order stated the government could file a response to the supplemental brief, which it did not. The government had already discussed this issue sufficiently in its answering brief. Therefore, we hold that Hakopian did not waive her claim that the IJ erred in finding her asylum application time-barred.

was undisputed and she established that her asylum application was not time-barred.[4]

**[4]** For the reasons set out in the memorandum disposition accompanying this opinion, however, we deny Hakopian's petition for review.

   **DENIED.**

---

[4]Although 8 U.S.C. § 1158(a)(2)(B) provides that an alien must "demonstrate[ ] by clear and convincing evidence that the [asylum] application has been filed within 1 year after the date of the alien's arrival in the United States," Hakopian could not have established her entry date by clear and convincing evidence. Only relevant evidence, with "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable," is admissible. Fed. R. Evid. 401, 402. While evidence can be introduced to prove a fact—usually relating to background information—that is not disputed and not conceded where such evidence would aid the trier-of-fact's understanding, *see* Fed. R. Evid. 401 notes of advisory committee, in this case the government conceded Hakopian's date of entry. Because Hakopian's entry date was admitted and undisputed, no evidence would tend to make its existence more or less probable. Therefore, we hold the statute's requirement of "clear and convincing evidence" does not apply where the alien's date of entry is conceded. In other words, an alien has proved by clear and convincing evidence that she timely filed her application if the government so concedes.