**Harvinder KAUR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–72239.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed Dec. 24, 2008.

Pardeep S. Grewal, Esquire, Law Offices of Pardeep S. Grewal, Castro Valley, CA, Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

David V. Bernal, Assistant Director, Jamie M. Dowd, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Katherine C. Lorenz, Special Assistant U.S., United States Attorney's Office, Portland, OR, for Respondent.

Before: THOMAS and PAEZ, Circuit Judges, and WALKER,* Chief District Judge.

## MEMORANDUM **

Harvinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order of removal, which adopts and affirms with additions the Immigration Judge's ("IJ") denial of Kaur's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition for review.

### I

■ The government contends that we lack jurisdiction to consider Kaur's asylum application because the IJ determined that her application was time-barred, and that decision is not reviewable under 8 U.S.C. § 1158(a)(3). However, in this case, the government filed a Notice to Appear alleging an entry date that, if accepted as correct, would establish that her asylum petition was not time-barred. The government never amended the Notice to Appear to allege a different entry date and Kaur admitted the alleged date of

* The Honorable Vaughn Walker, Chief District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

entry. In a recent case, we confronted the identical situation and determined that the uncontested entry date alleged in the Notice to Appear was conclusive, unless amended by the government, and that we had jurisdiction to review the issue. *Hakopian v. Mukasey*, 551 F.3d 843 (9th Cir.2008). Therefore, pursuant to *Hakopian*, we have jurisdiction to review the denial of asylum on timeliness grounds, and we are compelled to hold that the asylum application was timely.

## II

■ Although the asylum petition must be considered timely under our case law, we conclude that substantial evidence supports the IJ's adverse credibility finding.

Although some of the grounds upon which the IJ relied are somewhat dubious, even one significant discrepancy going to the heart of the applicant's claim suffices to support an adverse credibility finding. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Here, Kaur's testimony regarding how she acquired her passport was inconsistent. Kaur testified that she "got this passport to (indiscernible) by paying someone, by paying some money to someone." When asked whom she paid, she said she did not know. The record suggests that she did not respond when first asked whether the passport would have been issued to her if she had not paid someone for it. She then testified that the passport was a normal Indian passport and that she did not pay anyone for it. Because the passport was submitted as proof of Kaur's identity, a central element of her claims for relief from removal, Kaur's inconsistent testimony about how she obtained it suffices as a specific, cogent reason for the adverse credibility finding. *See Kalouma v. Gonzales*, 512 F.3d 1073, 1079 (9th Cir.2008) ("Part of [the applicant's] case ... must be satisfactory proof

of his refugee status in which identity operates as an element"); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (stating that identity is key element of asylum claim).

Therefore, we conclude that substantial evidence in the record supports the IJ's adverse credibility finding, and we deny the petition for review as to the application for asylum, withholding of removal, and relief under the Convention Against Torture. *Farah*, 348 F.3d at 1156–57 (9th Cir.2003).

**PETITION DENIED.**