**Mikias Hadgu AMDE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–72905.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.[*]

Filed April 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven R. Landaal, Esquire, Law Offices of Steven R. Landaal, Santa Monica, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Brent G. Tabacchi, Esquire, Assistant U.S., Todd T. Tristan, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Mikias Hadgu Amde, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004), and we grant the petition for review and remand.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The government's allegation of Amde's entry date in its notice to appear, in combination with Amde's admission of that date at his hearing before the IJ, constitutes a judicial admission of the fact of his entry date. Therefore, we conclude that Amde's entry date was undisputed and that he has established that his asylum application was not time-barred. *See Hakopian v. Mukasey,* 551 F.3d 843, 847 (9th Cir.2008) (where government alleges entry date and petitioner admits government's allegation, entry date is undisputed). Therefore, we do not reach Amde's contention that the one-year filing requirement violates his right to equal protection.

■ Substantial evidence does not support the IJ's credibility findings regarding Amde's lost identity card and the delivery of the police summons because they are based on improper speculation, *see Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000), and are unrelated to the heart of his claim, *see id.* at 1067. Because the IJ determined that Amde had testified consistently regarding the remainder of his claim, his testimony was sufficient to establish his Eritrean ethnicity, *see Kaur,* 379 F.3d at 890, and the IJ erred by faulting him for failing to provide his birth certificate. Thus, substantial evidence does not support the IJ's determination that Amde failed to carry his burden of proof concerning his Eritrean ethnicity.

■ The IJ determined that Amde, if credible concerning his Eritrean ethnicity, had established past persecution. Therefore, Amde is entitled to a presumption of eligibility for asylum and withholding of removal. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1078–79 (9th Cir.2004). Because the government argued changed country conditions at Amde's merits hearing, we remand to the agency for the purpose of determining whether the government has rebutted the presumption by showing, by a preponderance of evidence, that country conditions have so changed such that Amde no longer has a well-founded fear of persecution should he be forced to return. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *cf. Baballah,* 367 F.3d at 1078 n. 11.

**PETITION FOR REVIEW GRANTED; REMANDED.**