MEMORANDUM **
David Cleyton Castro-Molina, a native and citizen of Peru, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Kaur v. Ashcroft, 379 F.3d 876, 884 (9th Cir.2004), and we grant the petition for review and remand.
In the notice to appear, the government alleged Castro-Molina’s entry date, and Castro-Molina admitted to this date. Therefore, Castro-Molina’s entry date was undisputed and he established his asylum application was not time-barred. See Hakopian v. Mukasey, 551 F.3d 843, 847 (9th Cir.2008) (entry date is undisputed where government alleges entry date and petitioner admits government’s allegation).
Because the IJ declined to make an adverse credibility determination, Castro-Molina’s factual contentions are accepted as true, see Kalubi v. Ashcroft, 364 F.3d 1134, 1137 (9th Cir.2004) (“Testimony must be accepted as true in the absence of an explicit adverse credibility finding.”), and no further corroboration was required to establish the facts to which he testified, see Kataria v. INS, 232 F.3d 1107, 1114 (9th Cir.2000) (rejecting BIA’s finding that applicant did not meet his burden of proof because he failed to provide documentary evidence to corroborate his testimony). Therefore, substantial evidence does not support the BIA’s determination that Castro-Molina’s failure to corroborate his testimony was fatal to his claim for withholding of removal. See Kaur, 379 F.3d at 890. Moreover, the BIA erred to the extent it made an adverse credibility finding in the first instance. See Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 661 (9th Cir.2003).
Accordingly, we remand Castro-Molina’s asylum, withholding of removal, and CAT claims for further proceedings consistent with this disposition. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.