MEMORANDUM **
The government argues we have no jurisdiction to hear Seesay’s petition, because the Immigration Judge (“IJ”) found that Seesay had not carried his burden of showing his petition for asylum was timely. Courts generally do not have jurisdiction to review the denial of an untimely asylum petition, 8 U.S.C. § 1158(a)(3), but we do have jurisdiction to review a timeliness determination for questions of law as applied to undisputed facts. 8 U.S.C. § 1252(a)(2)(D). Here, the government alleged Seesay’s entry date in its Notice to Appear, and Seesay admitted the government’s allegation at his hearing before the Immigration Judge (“IJ”). “[T]he allegations are thus considered judicial admissions rendering the arrival date undisputed.” Cinapian v. Holder, 567 F.3d 1067, 1073 (9th Cir.2009) (internal citations and quotations omitted). See also Hakopian v. Mukasey, 551 F.3d 843, 846 (9th Cir.2008) (“Allegations in a complaint are considered judicial admissions. In immigration proceedings, the Notice to a Appear serves the same function as a civil complaint.”). *319 Therefore, Seesay’s entry date was undisputed, and he established as a matter of law that his asylum application was not time-barred. We therefore do have jurisdiction over Seesay’s petition for review, Cinapian, 567 F.3d at 1073, which we deny on the merits.
First, substantial evidence supports the Immigration Judge’s adverse credibility determination, based on See-say’s vague, inconsistent, and nonspecific testimony of events that went to the heart of his asylum claim. The IJ provided specific, cogent reasons to support his conclusion. See Don v. Gonzales, 476 F.3d 738, 741 (9th Cir.2007). Second, substantial evidence supports the IJ’s determination that any persecution Seesay might have suffered was not on account of a protected ground. Seesay’s refusal to join the rebel group is insufficient to provide this nexus. See INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); Pedro-Mateo v. INS, 224 F.3d 1147, 1151 (9th Cir.2000). The evidence likewise does not compel a finding of a well-founded fear of future persecution, because Seesay failed to show it was objectively reasonable that he would be individually subjected to persecution if removed to Sierra Leone. See Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir.2007) (en banc). Therefore, the IJ did not err in denying Seesay’s asylum application, and Seesay necessarily fails to meet the more stringent burden of proving eligibility for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006); Pedro-Mateo, 224 F.3d at 1150.
Last, there is substantial evidence to support the IJ’s denial of Convention Against Torture (“CAT”) relief for insufficiency of evidence. The events Seesay described in his testimony do not rise to the level of torture as defined in the CAT implementing regulations. See 8 C.F.R. § 1208.18(a)(1). Furthermore, Seesay does not establish the likelihood of future torture committed by or with the consent or acquiescence of Sierra Leonean government officials. See Soriano v. Holder, 569 F.3d 1162, 1167 (9th Cir.2009).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.