**Amrit SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–75020.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2009.*

Filed Nov. 9, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Genet Getachew, Esq., New York, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Harrison, Esq., U.S. Department of Justice Environmental & Natural Resources, Washington, DC, Richard M. Evans, Susan K. Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS and THOMAS, Circuit Judges, and TRAGER,** District Judge.

### MEMORANDUM ***

Amritpal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order of removal, which affirms the Immigration Judge's ("IJ") denial of Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition for review.

### I

The government argues that we lack jurisdiction to consider Singh's asylum application under 8 U.S.C. § 1158(a)(3) because the IJ found the petition untimely. However, our decision in *Hakopian v. Mukasey*, 551 F.3d 843 (9th Cir.2008), compels a different result. In *Hakopian*, the government filed a Notice to Appear alleging

** The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an entry date that established the timeliness of an applicant's petition; the applicant admitted the entry date; and the government failed to amend the Notice to Appear or otherwise contest the entry date before the IJ. *Id.* at 845–46. We held that, under those circumstances, the entry date constitutes an undisputed fact and the court of appeals has jurisdiction to review the denial of asylum on timeliness grounds. *Id.* at 847. This case presents identical facts. Thus, we have jurisdiction to review Singh's asylum claim under *Hakopian,* which also compels the conclusion that we must consider the application timely filed.

## II

■ Substantial evidence supports the agency's adverse credibility determination. Although many of the grounds identified by the IJ lack merit, even one significant discrepancy going to the heart of Singh's claim suffices to support an adverse credibility finding. *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Here, the IJ reasonably questioned the authenticity of the two documents Singh submitted to establish his identity: a driver's license and a school matriculation document. The IJ highlighted a series of discrepancies in the driver's license, including a failure to comply with its own anti-forgery protections. *See Lin v. Gonzales,* 434 F.3d 1158, 1163 (9th Cir.2006) (a finding of fraudulent documentation may rest on judicial expertise, so long as "such expertise . . . [is] articulated on the record so that the reviewing court can be confident that the IJ's determinations are based on objective criteria particularized to the document"). Moreover, Singh's testimony about his education conflicted sharply with the details listed on his school matriculation document.

Proof of identity constitutes a central element of Singh's claims for relief. *See*

*Kalouma v. Gonzales,* 512 F.3d 1073, 1079 (9th Cir.2008) ("Part of [the applicant's] case . . . must be satisfactory proof of his refugee status in which identity operates as an element."); *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (characterizing identity as a key element of an asylum claim). Accordingly, the discrepancies in Singh's driver's license and testimony about his school matriculation document support the IJ's adverse credibility finding.

Moreover, Singh testified inconsistently on whether he had been baptized. Although Singh first testified that he had not been baptized, he reversed his testimony when confronted with notes from his asylum interview and stated that he could remember the date of his baptism, but not the year. The IJ reasonably relied on this inconsistency in finding that Singh lacked credibility.

Taken together, we conclude that these inconsistencies provide specific, cogent reasons for the adverse credibility finding. Because substantial evidence in the record supports the adverse credibility finding, we must deny the petition for review as to the application for asylum, withholding of removal, and relief under the CAT. *Farah,* 348 F.3d at 1156–57.

**PETITION DENIED.**