gerprint processing prior to April 2005 may be an abuse of discretion. We therefore remand for the agency to reconsider its denial of Gu's application. *See id.* at 1292–95; *see also Karapetyan v. Mukasey,* 543 F.3d 1118, 1129–32 (9th Cir.2008).

**PETITION FOR REVIEW GRANTED; REMANDED.**

**Tarlochan SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70713.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Canfield, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Tarlochan Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Soto–Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir.2009), and we deny in

part and grant in part the petition for review.

■ Substantial evidence supports the agency's finding that Singh failed to establish it is more likely than not he will be tortured upon return to India. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

■ In the notice to appear, the government alleged Singh's entry date, and Singh admitted to this date. Therefore, Singh's entry date was undisputed and he established his asylum application was not time-barred. *See Hakopian v. Mukasey*, 551 F.3d 843, 847 (9th Cir.2008) (entry date is undisputed where government alleges entry date and petitioner admits government's allegation).

■ The IJ first denied Singh's claims on the basis of an adverse credibility determination. The findings are not supported. Any inconsistencies regarding Singh's entry into Canada are incidental to his claim of persecution. *See Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir.1999). The IJ's findings related to Singh's photographs documenting the scars on his back and his Indian election commission card are based on minor discrepancies, and Singh provided reasonable explanations for any inconsistencies. *See Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998) ("[I]nconsistencies of less than substantial importance for which a plausible explanation is offered" cannot serve as bases for negative credibility finding). Further, Singh's omission of details in his testimony, which were included in his written application regarding his 1997 arrest and the May 2002 protest, does not support an adverse credibility finding, *see Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2005), and Singh's testimony was consistent with his declaration regarding the mistreatment he received during his 1989 arrest, *see Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052–54 (9th Cir.2002). Finally, Singh produced certain corroborating documents, and his failure to produce additional newspaper articles does not support an adverse credibility finding. *See Gui v. INS*, 280 F.3d 1217, 1227 (9th Cir.2002) ("Where, as here, a petitioner provides some corroborative evidence to strengthen his case, his failure to produce still more supporting evidence should not be held against him."). Thus, substantial evidence does not support the agency's adverse credibility determination. *See Bandari v. INS*, 227 F.3d 1160, 1165 (9th Cir.2000).

The IJ made an alternative finding that Singh's 1989 and 1997 arrests did not rise to the level of persecution. However, the IJ did not consider whether Singh's 2000 and 2002 arrests rose to the level of persecution, nor did he explicitly consider whether the harm Singh experienced was on account of a protected ground. We therefore grant the petition and remand for further proceedings to determine whether, taking Singh's testimony as true, he is eligible for asylum or withholding of removal. *See Soto–Olarte*, 555 F.3d at 1095–96; *see also INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.