FILED

JAN 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAN BALA DABO,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 05-72685

Agency No. A096-342-763

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 11, 2009
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Dan Bala Dabo, a native and citizen of Nigeria, petitions for review of the

Board of Immigration Appeals' ("BIA") decision affirming an Immigration

Judge's ("IJ") denial of his application for asylum, withholding of removal,

protection under the Convention Against Torture ("CAT"), and voluntary

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

departure. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant in part, deny in part, and remand.

The BIA denied Dabo's asylum claim as untimely. However, "[w]here, as here, the government alleges an alien's arrival date in its Notice to Appear, and the alien admits the government's allegation before the IJ, the allegations are considered judicial admissions 'rendering [the arrival date] undisputed.'" *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009) (citing *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008)). Dabo admitted each of the government's allegations in the Notice to Appear ("NTA"), including the allegation that he arrived in the United States on November 30, 2002. The government never moved to amend its Notice to Appear or otherwise contested Dabo's stated date of entry. It is undisputed that Dabo's asylum application was filed on January 8, 2003. Dabo thus timely filed his asylum claim, and the BIA's denial of Dabo's asylum claim as untimely is error. 8 U.S.C. § 1158(a)(2)(B).

The BIA upheld the IJ's conclusion that Dabo's unclear testimony supported an adverse credibility finding. "It is long-settled that a competent translation is fundamental to a full and fair hearing." *Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000). Deportation proceedings violate due process if the alien demonstrates that a better translation would have made a difference in the outcome

2

of the hearing. *Acewicz v. INS*, 984 F.2d 1056, 1063 (9th Cir. 1993). "Even where there is no due process violation, faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003). In his hearing, Dabo requested that he be allowed to testify in English, the language in which he is most comfortable. However, the IJ required Dabo to testify in Hausa, resulting in unclear testimony as to his residence and symptoms suffered after release from his first alleged arrest. Whether due to poor translation or poor transcription, we are unable to meaningfully review the transcript of the evidentiary hearing; and are therefore unable to determine whether the BIA's adverse credibility decision is supported by substantial evidence. Moreover, the government acknowledges that neither the IJ nor the BIA reached the merits of Dabo's asylum claim. We therefore remand Dabo's asylum petition to the BIA for a new evidentiary hearing and merits determination.

We affirm the BIA's conclusion that Dabo is statutorily ineligible for voluntary departure, because he has not established that he was physically present in the United States for a period of at least one year immediately preceding service of the NTA. 8 U.S.C. § 1229c(b)(1)(A).

GRANTED in part, DENIED in part, and REMANDED.