FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS RONALD BACA, | No. 07-70793 |
| Petitioner, | Agency No. A077-872-069 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2010
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and SEDWICK, [**]
District Judge.

Santos Ronald Baca is a native and citizen of Nicaragua. He petitions for

review of the Board of Immigration Appeals' ("BIA") affirmance of an

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

Immigration Judge's ("IJ") denial of his application for adjustment of status under Section 202 of the Nicaraguan and Central American Relief Act of 1997 (NACARA), Pub. L. No. 105-100, 111 Stat. 2193-2201 (Nov. 19, 1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644-45 (Dec. 2, 1997). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B). We review the BIA's determinations of purely legal questions de novo. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We review claims of constitutional violations de novo. *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). We deny in part, grant in part, and remand the petition for further proceedings.

In his hearing before the IJ, Baca admitted to the government's allegation in the Notice to Appear that he entered the United States without inspection on September 12, 1994. The government did not move to amend the Notice to Appear, nor did it dispute the stated date of entry. **AR 59-60, 103-05.** The BIA denied Baca's application for special rule cancellation of removal under NACARA § 202, finding that he had not established commencement of physical presence in the United States prior to December 1, 1995, because he could not produce contemporaneous government-issued documentation of his entry, as required by the statute. NACARA § 202(b)(2), 8 C.F.R. § 245.13(e)(3). Our recent decision in *Hakopian v. Mukasey*, 551 F.3d 843 (9th Cir. 2008), holds that "[a]llegations in a

complaint are considered judicial admissions. In immigration proceedings, the Notice to Appear serves the same function as a civil complaint." *Id.* at 846 (citing *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). We further concluded in *Cinapian v. Holder*, 567 F.3d 1067 (9th Cir. 2009), that where "the government alleges an alien's arrival date in the Notice to Appear, and the alien admits the government's allegation before the IJ, the allegations are considered judicial admissions 'rendering the arrival date undisputed.'" *Id.* at 1073 (citing *Hakopian*, 551 F.3d at 846) (brackets omitted). We therefore remand for the BIA to consider in the first instance whether Baca is entitled to relief under NACARA § 202 in light of *Hakopian* and *Cinapian*.

The record does not support a conclusion that the IJ violated Baca's constitutional right to due process by refusing to allow him or a witness to testify that he began residence in the United States prior to December 1, 1995. The hearing transcripts reveal no instance in which the IJ failed to do so. Moreover, Baca was afforded a "reasonable opportunity to present evidence on his behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

To the extent that we understand the argument, Baca contends that 8 C.F.R. § 245.13(e)(3) is *ultra vires*, because NACARA § 202 does not require that an applicant use government documents to show commencement of physical

presence. It is well-established, however, that under *Chevron U.S.A. v. Natural Res. Def. Council*, 467 U.S. 837 (1984), the agency's interpretation is "given controlling weight" unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844. The agency concluded that government documents are necessary to provide "reliable and readily verifiable means of documenting such physical presence." Adjustment of Status for Certain Nationals of Nicaragua and Cuba, 65 Fed. Reg. 15846-01, 15849 (March 24, 2000) (to be codified at 8 C.F.R. § 245). Therefore it imposed the government-issued document requirement. Because this requirement is not "arbitrary, capricious, or manifestly contrary to the statute," *Chevron*, 467 U.S. at 844, § 245.13 is not *ultra vires*.

Baca's argument that NACARA § 202 and 8 C.F.R. § 245.13(e)(3) violate equal protection by drawing an arbitrary line between applicants who commenced their physical presence in the United States prior to December 1, 1995 but have no government-issued proof, and those who do, lacks merit. "'Line-drawing' decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose.'" *Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1163-64 (9th Cir. 2002) (quoting *Ram v. INS*, 243 F.3d 510, 517 (9th Cir. 2001)). We conclude that the statute and regulation serve a rational purpose of ensuring

"reliable and readily verifiable means of documenting such physical presence." Adjustment of Status for Certain Nationals of Nicaragua and Cuba, 65 Fed. Reg. 15846-01, 15849 (March 24, 2000) (to be codified at 8 C.F.R. § 245).

**PETITION GRANTED in part; DENIED in part; REMANDED for further proceedings.**