NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURDEV SINGH,<br><br>        Petitioner,<br><br>v.<br><br>ERIC H. HOLDER JR., United States<br>Attorney General<br><br>        Respondent. | No. 07-73557<br><br>Agency No. A098-846-526<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 26, 2011
San Francisco, California

Before:  GRABER and IKUTA, Circuit Judges, and KAPLAN,[**] Senior District
Judge.

Gurdev Singh, a native and citizen of India, petitions for review of a Board of

Immigration Appeals ("BIA") order dismissing his appeal from an immigration

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lewis A. Kaplan, Senior United States District Judge for
the Southern District of New York, sitting by designation.

judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction to review this petition under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence and its legal determinations de novo. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). As the BIA adopted the IJ's findings and reasoning, we treat the IJ's decision as if it were that of the BIA. *See Al-Harbi v. INS,* 242 F.3d 882, 887 (9th Cir. 2001).

We accord deference to the IJ's credibility determination because she was in the best position to observe the witness's tone and demeanor. *See Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1395 (9th Cir. 1985). An IJ may rely on "any relevant factor" and base a decision on the "totality of the circumstances." *Ren v. Holder*, 648 F.3d 1079, 1084-85 (9th Cir. 2011). The factors utilized in making this determination need not go "to the heart of an applicant's claim." *Id.* at 1084. An IJ, however, must give the alien an opportunity to explain perceived inconsistencies and may not rely on trivial inconsistencies or speculation. *See, e.g., Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010) (holding that, after the REAL ID Act, "the IJ must still provide specific examples of a petitioner's demeanor that would support this basis for an adverse credibility determination") (citing *Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003)).

2

The IJ based her adverse credibility determination on several valid factors. Particularly, she focused on the fact that Singh claimed that he had failed to inquire of any witnesses regarding his father's disappearance and presumed kidnapping. She relied also on conflicting evidence and testimony that Singh presented, including the fact that he claimed to have *joined* the All India Sikh Student Federation, which was the same day that a letter certifying his membership in that group states that he *ended* his membership. Finally, the IJ found that Singh's testimony regarding the back and knee injuries he had allegedly suffered while imprisoned by the Punjab police conflicted with the injuries noted in the letter he had provided from his doctor. This letter stated only that he had suffered bruises.

We must uphold the IJ's adverse credibility determination unless the evidence Singh presented was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 484 (1992). As Singh presented no such evidence, there is no basis for overriding the IJ's determination that he was not credible. The IJ's decision therefore is supported by substantial evidence.

The record indicates also that the IJ did not make a final determination on the timeliness of Singh's filing. As the credibility determination was supported by substantial evidence and was independently sufficient to resolve Singh's asylum

claim, we need not consider the timeliness of his asylum application. *See Hakopian v. Mukasey*, 551 F.3d 843, 845 & n.1 (9th Cir. 2008).

Because Singh's claims under the Convention Against Torture rest on the same statements that the IJ  determined not to be credible in his asylum application, the CAT claim must be rejected.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).  Singh provided no compelling additional evidence to supplement his CAT claim, but relied on the same testimony, affidavits, and reports that he utilized in making his asylum and withholding of removal claims. Accordingly, we reject his CAT claim.

**PETITION DENIED.**