**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| NIKOLIN LLORDI,<br><br>      Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>      Respondent. | No. 07-74282<br><br>Agency No. A097-881-287<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2012**
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District
Judge.***

   Petitioner, Nikolin Llordi, seeks review of a decision of the Board of

Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision to

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   ***    The Honorable Dee V. Benson, District Judge for the U.S. District
Court for Utah, sitting by designation.

deny his application for asylum, withholding of removal under both § 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and the Convention Against Torture ("CAT"), 8 C.F.R. §§ 1208.16–1208.18 (2007), and voluntary departure.

1.  We dismiss for lack of jurisdiction Petitioner's challenge to the BIA's determination that his application was untimely because that issue involves disputed facts.  8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Hakopian v. Mukasey*, 551 F.3d 843, 847 (9th Cir. 2008).

2.  We deny the petition as to withholding of removal and protection under CAT because the adverse credibility findings are supported by substantial evidence.  Petitioner filed his application for asylum before May 11, 2005, so we apply the pre-REAL ID Act rules.  *Rizk v. Holder*, 629 F.3d 1083, 1087 n.2 (9th Cir. 2011).

"We must uphold the IJ's adverse credibility determination so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the alien's claim of persecution."  *Id.* at 1087.  To reverse the factual findings, "the evidence must compel a different conclusion from the one reached by the BIA."  *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).  Here the IJ relied on numerous inconsistencies between Petitioner's application and his testimony at the

hearing. The inconsistencies as to Petitioner's date of entry, his father's arrests, and his political activity in Albania are supported by the record. These issues go to the heart of Petitioner's claim. Petitioner has failed to show a "clear probability" that his life or freedom would be threatened on account of his "membership in a particular social group or political opinion," 8 U.S.C. § 1231(b)(3)(A); thus he is not entitled to withholding of removal.

Nor has he met his burden for withholding of removal under CAT as he has failed to show that it is "more likely than not" that he would be tortured if he returns to Albania, or that such torture would occur "with the consent or acquiescence of a public official." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

3. We dismiss for lack of jurisdiction Petitioner's challenge to the denial of voluntary removal because that claim was not exhausted before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

Petition is **DISMISSED** in part, and **DENIED** in part.