NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUBHASH KUMAR, | No. 08-70057 |
| Petitioner, | |
| v. | Agency No. A016-077-005 |
| ERIC H. HOLDER, Jr., Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2012[**]
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dee V. Benson, District Judge for the U.S. District Court for Utah, sitting by designation.

Subhash Kumar ("Petitioner"), a citizen and native of India, seeks review of a decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) decision to deny his applications for asylum and withholding of removal under § 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and for protection under the Convention Against Torture (CAT).

1. We dismiss for lack of jurisdiction Petitioner's challenge to the BIA's determination that his application for asylum was untimely because that issue involves disputed facts. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Hakeem v. I.N.S.*, 273 F.3d 812, 815 (9th Cir. 2001); *Hakopian v. Mukasey*, 551 F.3d 843, 847 (9th Cir. 2008).

2. We deny the petition as to withholding of removal and protection under CAT because the adverse credibility findings are supported by substantial evidence. Petitioner filed his applications before May 11, 2005, so we apply the pre-REAL ID Act rules. *Rizk v. Holder*, 629 F.3d 1083, 1087 n.2 (9th Cir. 2011).

"We must uphold the IJ's adverse credibility determination so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the alien's claim of persecution." *Id*. at 1087 (internal quotation marks and alterations omitted). To reverse the factual findings, "the evidence must compel a different conclusion from the one reached by the BIA." *Zheng v. Holder*, 644 F.3d

2

829, 835 (9th Cir. 2011). Here the IJ relied on numerous inconsistencies in the evidence and testimony provided by Petitioner. The irregularities contained in Petitioner's terrorist victim card along with general inconsistencies in his testimony are supported by the record. These issues go to the heart of Petitioner's claim. Because the record does not compel reversal of the adverse credibility finding, Petitioner has not shown that he is entitled to withholding of removal.

Because Petitioner's CAT claim is based on the same testimony the IJ found not credible, and he points to no other arguments showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

Petition is **DISMISSED** in part, and **DENIED** in part.