**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTIAGO GOMEZ-HERNANDEZ, | No. 10-72234 |
| Petitioner, | Agency No. A077-319-408 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2014**
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND, Chief District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Morrison C. England, Jr., Chief District Judge for the
U.S. District Court for the Eastern District of California, sitting by designation.

Petitioner Santiago Gomez-Hernandez petitions this court for review of the Board of Immigration Appeals' ("BIA") decision dismissing Petitioner's appeal of the immigration judge's ("IJ") order of removal.

1.    The BIA properly determined that Petitioner was removable based on counsel's concession at the merits hearing before the IJ.  That concession was a judicial admission binding on Petitioner.  See Hakopian v. Mukasey, 551 F.3d 843, 846 (9th Cir. 2008).

2.    The BIA also properly rejected Petitioner's argument that the Government initiated removal proceedings against Petitioner based on information pertaining to the denial of his legalization application.  The record is clear, and Petitioner admitted, that Petitioner is a citizen or national of Mexico, that he applied to adjust his status, and that his application was denied.  The Government only served Petitioner with a Notice to Appear after that denial issued, and there is no indication in the record that the removability charges against Petitioner were based on his prior legalization proceedings.

3.    The record supports the IJ's conclusion that Petitioner testified untruthfully about the occasions on which he had made false claims to United States citizenship.  He was thus ineligible for relief from removal because he could not establish the requisite good moral character.  See 8 U.S.C. §§ 1229b(b),

1229c(b). Nothing in the record supports Petitioner's theory that the IJ was biased against Petitioner or acted in any way other than as a neutral adjudicator.

**PETITION DENIED.**