**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAUKAT ALI KHAN, AKA Omar Kahn Syed,<br><br>               Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   14-73902<br><br>Agency No. A079-536-788<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2017[**]
Pasadena, California

Before:  D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Shaukat Ali Khan petitions for review of the BIA's decision affirming the IJ's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We grant the petition for review and remand for further proceedings consistent with this disposition.

**1.** Khan argues that the BIA erred in finding that he had not established arrival in the United States less than one year before the filing of his asylum application. The government's brief raises no contrary argument. Accordingly, the issue is waived. *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009). Even absent waiver, we would be compelled to reverse. The Notice to Appear ("NTA") alleged that Khan was "admitted to the United States at Newark, New Jersey, on or about May 21, 2001." Khan admitted to this allegation, and the government never sought to amend the NTA or otherwise challenge the date of entry in the proceedings. Khan's entry on May 21, 2001 is therefore judicially admitted. *Hakopian v. Mukasey*, 551 F.3d 843, 846-47 (9th Cir. 2008).

**2.** We reverse the agency's adverse credibility determination. The BIA has provided no "specific and cogent reason[] to support" such a finding. *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). U.S. Citizenship and Immigration Services' issuance of an employment authorization document ("EAD") to Khan on April 6, 2001 does not provide evidence of Khan's presence in the United States on

2

that date. The BIA's own decision recognizes this point in its characterization of the EAD's issuance as "not necessarily conclusive evidence" of presence and providing only "potentially inconsistent evidence" on that point. *Issuance* is not the same as *receipt*– and, contrary to the BIA's description, there is no evidence that Khan received the document on that date. Moreover, EADs are mailed and therefore no evidence of presence– a point that the government does not contest. The issuance of the EAD while, as Khan's unrebutted testimony establishes, he was in Pakistan cannot form the basis for an adverse credibility determination.

This is a pre-REAL ID case. Consequently, Khan's "testimony, if unrefuted and credible . . . is sufficient to establish the facts testified without the need for any corroboration." *Kaur v. Ashcroft*, 379 F.3d 876, 889-90 (9th Cir. 2004). Because "each of the . . . proffered reasons for an adverse credibility finding fails, we must accept [Khan's] testimony as credible." *Id.* at 890. Accordingly, no corroboration of Khan's testimony is required, and that lack of corroborating evidence does not form the basis for an adverse credibility determination. Each of the BIA's reasons for the adverse credibility determination fails.

**3.** Because the BIA's affirmance of the denial of CAT relief was predicated on the erroneous adverse credibility determination, we reverse.

We GRANT and REMAND for the agency's determination of Khan's eligibility for asylum and its exercise of discretion, as well as its determination of his entitlement to withholding and CAT relief, in light of Khan's credible testimony.

GRANTED and REMANDED.