NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DAVID LAGUE, Defendant-Appellant. | No. 18-10500 D.C. No. 4:17-cr-00150-HSG-1 MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted May 12, 2020
San Francisco, California

Before: WALLACE and R. NELSON, Circuit Judges, and GWIN,** District
Judge.

Defendant-Appellant, David Lague, appeals from his judgment of conviction

after a jury found him guilty of thirty-nine counts of prescribing controlled

substances outside the course of professional practice and without a legitimate

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

medical purpose to five of his former patients. We affirm.[1]

The district court did not plainly err in allowing the government to admit the prescription data of Lague's expert, Dr. Gary Martinovsky. Given the overwhelming evidence of guilt admitted at trial, the complained-of prescription data did not seriously affect the fairness, integrity, or public reputation of the trial. *See United States v. Buckland*, 289 F.3d 558, 572 (9th Cir. 2002).

The district court did not plainly err in allowing the government to cross-examine Lague about the uncharged overdose deaths of three of his former patients. The government properly introduced the overdose deaths for a non-character purpose: Lague's knowledge and intent. *See* Fed. R. Evid. 404(b)(2).

Because the evidence tended to show that Lague knew that similar prescriptions could lead to death, it was likewise relevant under Federal Rule of Evidence 401. *See United States v. Dorsey*, 677 F.3d 944, 952 (9th Cir. 2012). Nor was the evidence's relevance outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403. The evidence, introduced on the government's cross-examination of Lague, comprised only a small amount of Lague's overall testimony and a small portion of the trial. Indeed, "[a]ny resultant prejudice was minimized by the limiting instruction" the district court read to the jury to consider the overdose

---

[1] We resolve Lague's arguments on the admissibility of his practice-wide prescription data in a concurrently-filed opinion.

evidence only for a valid Rule 404(b) purpose. *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995).

The district court did not plainly err in allowing the government to admit the out-of-court statements about the clinic's reputation.[2] SL and JC were Lague's former patients; their testimonies on how they first learned about the clinic were therefore relevant background information. *See Hakopian v. Mukasey*, 551 F.3d 843, 847 n.4 (9th Cir. 2008). CL's testimony about his attempts to convince the clinic to stop prescribing opioids to his son was also relevant because Lague was charged with prescribing controlled substances to CL's son, DL, outside the usual course of professional practice. *See United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006). Any prejudicial effect of the statements was minor because they were directed at the clinic more generally and made up only a few sentences during Lague's nearly two-week trial.

Finally, the government's purported evidentiary errors considered cumulatively do not compel reversal of Lague's conviction because, even assuming cumulative error, the errors were harmless. Based on the overwhelming patient-specific evidence of guilt against Lague, the evidentiary errors did not materially affect the verdict. *See United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002).

---

[2] We review Lague's arguments based on Rule 401 and Rule 403, raised for the first time on appeal, for plain error. *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990).

**AFFIRMED**.