NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LILIANA JEAMILETH ARIAS-
LEMUS; MATEO NATANAEL
RAMIREZ-ARIAS,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2420

Agency Nos.
A220-193-459
A220-193-460

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Pro se petitioner Liliana Jeamileth Arias-Lemus, a native and citizen of El

Salvador, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of

her appeal from an immigration judge's ("IJ") denial of her claims for asylum,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). Arias-Lemus is the lead applicant, and her minor son is a derivative applicant on her asylum request. Because the parties are familiar with the facts, we need not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, "the BIA cites *Matter of Burbano* and does not express any disagreement with the IJ's decision, we review the IJ's decision as if it were the BIA's." *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008). We review the legal determinations de novo and the factual determinations for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Due process challenges are reviewed de novo. *Troncoso-Oviedo v. Garland*, 43 F.4th 936, 939 (9th Cir. 2022). We deny the petition.

Substantial evidence supports the agency's denial of Arias-Lemus's applications for asylum and withholding of removal. To be eligible for asylum, a petitioner must "demonstrate a likelihood of persecution or a well-founded fear of future persecution on account of age, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). Arias-Lemus's claim for relief is based on the harms suffered by her brother and her mother. The harms that "family members or close friends" experience are relevant to the past persecution analysis only if they are "part of a

pattern of persecution closely tied to the petitioner [her]self." *Id.* at 1062. The record indicates that her brother's murder stemmed from a gang rivalry and that her mother received threats due to her potential testimony against the perpetrators of Arias-Lemus's brother's murder. But Arias-Lemus herself is not a member of a gang, and she was never called upon to testify in the proceedings against the two officers. Consequently, the record does not compel a finding of past persecution.

Substantial evidence also supports the agency's determination that Arias-Lemus did not establish an objectively reasonable fear of future persecution. Because Arias-Lemus did not establish past persecution, she does not benefit from the presumption of a well-founded fear of persecution. *Id.* at 1060. That Arias-Lemus's mother continues to live in Ahuachapan, El Salvador "undermines a reasonable fear of future persecution." *Id.* at 1066. The record also does not suggest the two policemen have shown any continued interest in Arias-Lemus or would be a threat if she returned. *See Lanza v. Ashcroft*, 389 F.3d 917, 934–35 (9th Cir. 2004).

Substantial evidence supports the agency's denial of CAT protection. To succeed on a CAT claim, a petitioner must show it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is 'more severe than persecution.'" *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217

(9th Cir. 2018)). Because Arias-Lemus's past harm did not rise to the level of persecution, "it necessarily falls short of the definition of torture." *Sharma*, 9 F.4th at 1059. Arias-Lemus has not identified any other evidence in the record which would either establish past torture or demonstrate she would be subject to a particularized risk of future torture. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2021).

Finally, Arias-Lemus's due process claim is unfounded. Due process "require[s] a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument." *She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010) (superseded by statute on other grounds). The BIA's denial of Arias-Lemus's claim included that "minimum degree of clarity" by offering reasoned grounds for denial of Arias-Lemus's CAT claim, including that Arias-Lemus had not demonstrated that she would likely be tortured if removed or that such torture would occur with the consent or acquiescence of the Salvadoran government. Although Arias-Lemus alleges government corruption based on the involvement of two police officers, this alone does not compel a finding that the BIA somehow "ignored [Arias-Lemus's] CAT claim." *Antonyan v. Holder*, 642 F.3d 1250, 1256–57 (9th Cir. 2011).

**PETITION DENIED.**

23-2420