**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIRAN KAUR BABBAR and
ABHISHEK BABBAR,

Petitioners,

v.

ERIC H. HOLDER JR., Attorney General,

Respondent.

No. 07-74164

Agency Nos. A096-171-474
A096-171-492

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 27, 2011
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and QUIST,[**] Senior District
Judge.

Petitioners, Kiran Kaur Babbar and her son Abhishek Babbar, seek review of

a decision of the Board of Immigration Appeals ("BIA") affirming and adopting an

immigration judge's ("IJ") decision to deny their applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior United States District Judge for
the Western District of Michigan, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT").

1. We lack jurisdiction over the one-year bar to the asylum application because that issue involves disputed facts. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); see also Hakopian v. Mukasey, 551 F.3d 843, 847 (9th Cir. 2008); Khunaverdiants v. Mukasey, 548 F.3d 760, 765–66 (9th Cir. 2008); Ramadan v. Gonzales, 479 F.3d 646, 649–50 (9th Cir. 2007) (per curiam). We lack jurisdiction over Petitioners' argument that the government is estopped from relying on disputed facts because that argument was not exhausted before the IJ or BIA. See Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir. 2004) ("It is a well-known axiom of administrative law that if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum." (internal quotation marks omitted)).

2. We deny the petition as to withholding of removal and CAT because the adverse credibility finding is supported by substantial evidence. Because the BIA adopted the IJ's credibility analysis, citing In re Burbano, 20 I. & N. Dec. 872 (B.I.A. 1994), we review the IJ's adverse credibility determination as if it were that of the BIA. Rizk v. Holder, 629 F.3d 1083, 1087 (9th Cir. 2011); Aguilar-Ramos v. Holder, 594 F.3d 701, 704 (9th Cir. 2010). Petitioners filed their applications

2

for asylum before May 11, 2005, so we apply pre-REAL ID Act rules. Rizk, 629 F.3d at 1087 n.2.

"We must uphold the IJ's adverse credibility determination so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the alien's claim of persecution." Id. at 1087 (internal quotation marks and brackets omitted). "Moreover, just as repeated and significant inconsistencies can deprive an alien's claim of the requisite 'ring of truth,' so too can an inconsistency accompanied by other indications of dishonesty . . . ." Id. at 1088 (some internal quotation marks omitted).

Here, the IJ relied on demeanor and inconsistencies to find adverse credibility. We give "special deference" to the demeanor finding. Jibril v. Gonzales, 423 F.3d 1129, 1137 (9th Cir. 2005). For example, the IJ observed that the female Petitioner "recited" statements about the key events as if they were "memorized." The inconsistency that the IJ cited with respect to whether and when Petitioner's hands were tied is supported by the record. Even if no other reasons are valid, those two in combination suffice, as they go to the heart of the claim. Because we conclude that the IJ's adverse credibility determination was supported by substantial evidence, we must deny the petition.

Petition **DISMISSED** in part, **DENIED** in part.

3