NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS MALDONADO BARRIOS, | No. 16-73437 |
| Petitioner, | Agency No. A094-380-556 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 28, 2022[**]
San Francisco, California

Before: M. MURPHY,[***] GRABER, and OWENS, Circuit Judges.

Luis Maldonado Barrios, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") decision summarily

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

affirming the immigration judge's ("IJ") decision denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA summarily affirms the IJ and cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "we review the IJ's decision as if it were the BIA's." *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008). We review the agency's factual determinations for substantial evidence, and we will not reverse unless the evidence compels a contrary conclusion. *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017). As the parties are familiar with the facts, we do not recount them here. We dismiss in part and deny in part the petition.

1. Maldonado Barrios' CAT claim is unexhausted and must be dismissed for lack of jurisdiction. *See Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam) ("Exhaustion . . . is jurisdictional and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below." (citation and internal quotation marks omitted)). Claims are exhausted before the BIA when the agency has "notice of what was being challenged" and an "opportunity to pass" on the contested issues. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citations omitted). A general or conclusory challenge is insufficient because it "does not apprise the BIA of the particular basis for [petitioner]'s claim." *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016). In his brief to the BIA, Maldonado Barrios

2

cursorily mentioned that he was appealing the IJ's denial of CAT relief, but did not make any arguments as to the relevant issues. This conclusory challenge is insufficient for exhaustion, and we therefore dismiss the petition as to the CAT claim.

2. Contrary to the government's contention, Maldonado Barrios' claim for withholding of removal was exhausted before the BIA. While Maldonado Barrios' arguments regarding withholding were undeveloped in his brief to the BIA, they referenced the specifics of his case and were sufficient to "apprise the BIA of the particular basis" for his claim: the alleged errors as to particular social group membership, likelihood of future persecution, and nexus. *Rizo*, 810 F.3d at 692; *see also Bare*, 975 F.3d at 960 ("[T]he petitioner may raise a general argument in the administrative proceeding and then raise a more specific legal issue on appeal.").

As to the merits, to qualify for withholding of removal, "the applicant must demonstrate that it is 'more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to [the country in question].'" *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.16(b)(2)).

Substantial evidence supports the IJ's conclusion that Maldonado Barrios failed to show a clear probability of persecution. Persecution is an "extreme

concept," *Kaur v. Wilkinson*, 986 F.3d 1216, 1222 (9th Cir. 2021) (citation omitted), and none of the past harm Maldonado Barrios has faced qualifies. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) (holding that a series of robberies including a detention and beating did not constitute persecution); *Sharma v. Garland*, 9 F.4th 1052, 1063 (9th Cir. 2021) (holding that evidence that the petitioner was detained and beaten by police for 18–19 hours did not compel a finding of past persecution). Without evidence of an individualized threat to Maldonado Barrios himself, the evidence of a general atmosphere of crime and violence in Guatemala does not compel the conclusion that he established eligibility for withholding. *See Sharma*, 9 F.4th at 1063.

Further, substantial evidence supports the IJ's conclusion that there is no nexus between the harm Maldonado Barrios fears and a statutorily protected ground. Maldonado Barrios must show that his membership in a particular social group is "a reason" for the claimed persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Maldonado Barrios testified that the police singled him out on the bus in 1999 because of his long hair, and he otherwise cannot identify who has harmed his family members or why. His suspicions that gang members target landowners like him and his family because the gangs believe that landowners are in a position to pay extortions are not unreasonable, but those suspicions do not compel reversal of the IJ's no-nexus finding.

4

Because substantial evidence supports the agency's conclusions as to persecution and nexus, we need not address whether the IJ erred in failing to recognize Maldonado Barrios' membership in a particular social group.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART**.