NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENGEL MATAMOROS-
PALACIOS; LUCIANA MASSIELL
MATAMOROS RUEDA; DIANA
GUADALUPE RUEDA LOPEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3389

Agency Nos.
A220-509-031
A220-509-032
A220-509-033

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2024**
Seattle, Washington

Before: McKEOWN, GOULD, and LEE, Circuit Judges.

Kengel Jose Matamoros-Palacios, his wife Diana Guadalupe Rueda-Lopez,

and their child L.M.M.R., all natives and citizens of Nicaragua, seek review of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Where, as here, "the BIA cites *Matter of Burbano* and does not express any disagreement with the IJ's decision, we review the IJ's decision as if it were the BIA's." *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008). We review the legal determinations *de novo* and the factual determinations for substantial evidence. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. Petitioners did not waive their challenges to the agency's determinations that they failed to establish past persecution and a well-founded fear of future harm. Federal Rule of Appellate Procedure 28(a)(8)(A) and Ninth Circuit Rule 28-1 require that the appellant's argument contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." We have found waiver where the petitioner failed to make a specific argument at all. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

Because Petitioners' brief contained arguments relevant to both past persecution and a well-founded fear of future persecution and citations to legal

23-3389

authority to support those arguments, we conclude that Petitioners did not waive their arguments with respect to these issues merely because they failed to cite to the record. However, we admonish Petitioners' counsel that attorneys should fully comply with the rules of court for the Ninth Circuit, which include citing to the record pursuant to Ninth Circuit Rule 28-1.

2. Substantial evidence supports the agency's denial of Petitioners' applications for asylum and withholding of removal. The agency concluded that Petitioners did not establish that any past harm rose to the level of persecution or that they have a well-founded fear of future persecution. We agree. Substantial evidence supports the IJ's finding that Petitioners only suffered an isolated instance of physical violence and the vague threats, which separately or cumulatively did not constitute persecution. 8 U.S.C. § 1252(b)(4)(B); *see Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir. 2004) (finding no past persecution where petitioner was blacklisted by the government, beaten once, and threatened with her life).

The record similarly does not compel the conclusion that Petitioners have a well-founded fear of future persecution. The IJ concluded that Petitioners have not demonstrated that any individuals have continued to search for Petitioners or that any of these individuals have a desire to harm Petitioners. Petitioners point to no evidence to the contrary. Petitioners also did not establish that they are similarly situated to others who have been persecuted by the Nicaraguan government, such

that the agency should have concluded that there is a pattern or practice of persecution that would support Petitioners' fear of future harm. 8 C.F.R. § 1208.13(b)(2)(iii); *see Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004).

3. The BIA did not err in concluding that Petitioners' CAT claim was waived. We may review a CAT claim only if the petitioner "has exhausted all administrative remedies available to the [petitioner] as of right." 8 U.S.C. § 1252(d)(1). When a petitioner submits a brief to the BIA, "the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed. Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

This exhaustion requirement is a non-jurisdictional claim-processing rule which we will enforce if a party properly raises it. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417-21 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it." (quoting *Fort Bend County, Texas v. Davis*, 587 U.S. 541, 549 (2019))).

Petitioners did not challenge, before the BIA or before us, the IJ's dispositive conclusion that Petitioners did not show that they were specifically at risk of torture. The Board did not err in concluding that Petitioners waived any

challenge to those findings. *See Alanniz v. Barr*, 924 F.3d 1061, 1068–1069 (9th Cir. 2019). Because Petitioners must show that there is a greater risk to them than to any ordinary Nicaraguan national in order to establish eligibility for CAT protection, the IJ's predictive factual findings and the BIA's conclusions of waiver are dispositive of the CAT claim. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019). Even if the Petitioners' CAT claim was not waived, because substantial evidence supports the conclusion that Petitioners did not establish a well-founded fear of future persecution, it necessarily follows that Petitioners cannot establish a fear of torture upon return to Nicaragua. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010)

**PETITION DENIED.**